**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY**

**REGINALD KELLY,**

**Petitioner,**

**v.** **Case No. 5:07-cv-00069**

**T. R. CRAIG[1], Warden,**
**FCI Beckley,**

**Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This is an action for habeas corpus relief, filed pursuant to the provisions of 28 U.S.C. § 2241. Pro se Petitioner, Reginald Kelly, is presently incarcerated at the Federal Correctional Institution at Beckley, West Virginia. According to the Bureau of Prison's website, Petitioner's projected release date is December 29, 2019.

This case is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).

[1] T. R. Craig is now the Warden at FCI Beckley. The Clerk is directed to substitute Warden Craig as a Respondent, in place of Charles Felts, and to modify the docket sheet accordingly.

On February 14, 2003, Petitioner pled guilty to one count of aiding and abetting the possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2. United States v. Kelly, Case No. 2:02-cr-00271-01 (S.D. W. Va.). On February 11, 2004, the presiding District Judge sentenced Petitioner to 235 months in prison, followed by a three-year term of supervised release, and also imposed a $100 special assessment. (Id., # 80, "Judgment in a Criminal Case"). Plaintiff did not file an appeal of his conviction or sentence to the United States Court of Appeals for the Fourth Circuit.

Petitioner subsequently filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, in which he raised two claims of ineffective assistance of counsel. (Kelly v. United States, Case No. 2:05-cv-00225 (S.D. W. Va.), # 87). The section 2255 motion was denied on the merits on February 13, 2006. (Id., ## 99, 100).

On January 29, 2007, Petitioner filed a "Motion for Specific Performance of Plea Agreement" under Rule 35(b) of the Federal Rules of Criminal Procedure. Upon review of the motion, the court re-characterized the motion as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and directed that the instant civil action be opened to address Petitioner's claim. In the instant petition, Petitioner seeks a reduction in his sentence as a result of substantial assistance provided to the government in other

criminal prosecutions. Petitioner asserts that the government's attorneys made oral promises, outside of his written plea agreement, to make a motion for reduction of sentence due to Petitioner's substantial assistance. Thus, Petitioner is essentially challenging the length of his sentence.

On April 4, 2007, the undersigned entered an Order to Show Cause, directing the Respondent to file a response to the petition. (# 3). On May 2, 2007, Respondent filed his Response, asserting that the petition was an attempt to file a second or successive Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and that the petition should be dismissed. (# 6).

In his Reply (# 7), filed on May 18, 2007, Petitioner asserts that the remedy by motion under section 2255 is inadequate or ineffective to test the legality of his detention because Petitioner could not have raised this claim within the one-year statute of limitations for filing his section 2255 motion. He states:

> Petitioner could not have reasonably raised the claim of a government breach of contract in his original section 2255 motion because Petitioner could not properly allege such a breach until the case had been resolved against the last of the persons against whom Petitioner had testified in the Grand Jury. This is so because, until the last of such persons had been convicted and sentenced, or acquitted of the charges, the United States could still call on Petitioner to offer testimony at a trial or sentencing proceeding. Such an eventuality was the precise reason the United States had delayed moving for a reduction on the day Petitioner was sentenced.

(Id. at 4).

On March 6, 2006, the undersigned entered an Order directing Respondent to supplement the record with information pertaining to Petitioner's substantial assistance to the government. (# 10). On March 20, 2008, Respondent filed a Motion to Dismiss Petitioner's Section 2241 Petition As Moot, which states as follows:

> In preparing its response to the Order, the United States reviewed the case file and determined that based upon his assistance, a motion for substantial assistance should have been made on defendant's behalf. Accordingly, the United States filed a motion pursuant to Rule 35 on behalf of defendant and a hearing is set for April 30, 2008, at 11:00 a.m. before the Honorable Joseph R. Goodwin. [footnote omitted].

(# 11 at 1). Respondent maintains that, although Petitioner's assistance is deserving of a motion for reduction of sentence under Rule 35, no promises of such a motion were ever made to Petitioner. (Id. at 1-2 n.1).

In light of the Motion for Reduction of Sentence made by the United States on March 19, 2008 (United States v. Kelly, Case No. 2:02-cr-00271 (S.D. W. Va.), # 135), Petitioner's section 2241 petition is now moot. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss the Section 2241 Petition As Moot (# 11), **DENY AS MOOT** Petitioner's section 2241 petition (# 1), and dismiss this civil action from the docket of the court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the

Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b) of the Federal Rules of Civil Procedure, Petitioner shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

March 24, 2008
Date

Mary E. Stanley
United States Magistrate Judge